**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Emiabata, et al., | No. CV-24-00547-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Bank of New York Mellon Trust Company, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs' applications for leave to proceed in forma pauperis (Docs. 2, 3), which the Court hereby grants. The Court will screen the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed with leave to amend. Plaintiffs' request for a temporary restraining order ("TRO") is also denied.

I.   Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* On the other hand, "[i]f the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then . . . the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II.     Analysis

The complaint lists five named Defendants, (1) The Bank of New York MELLON Trust Company, (2) Specialized Loan Servicing, (3) JP Morgan Chase Bank, (4) Avail., LLC, and (5) Newrez, LLC, d/b/a Shellpoint Mortgage Ser., along with unnamed Defendants "John Doe 1 Through 5." (Doc. 1.) The complaint includes claims of fraudulent misrepresentation, violations of the Fair Debt Collection Practices Act,

intentional infliction of emotional distress, breach of contract, 42 U.S.C. § 1982, Texas Property Code § 15, fraud, fraud in the inducement, wrongful foreclosure, and violation of homeowner's bill of rights.  Although it is difficult to discern what happened from the allegations in the complaint, it appears that Plaintiffs allege that certain real properties in Texas belong to them and they oppose a foreclosure on at least one of these properties.  It also appears that three bankruptcy proceedings—one in Connecticut, one in New York, and one in Arizona—are somehow involved, although it is not clear what role Plaintiffs had or have in these proceedings, what happened during these proceedings, and whether these proceedings are the basis of Defendants' alleged liability (and if so, how).  Plaintiffs do not include case numbers, clear descriptions of developments in these proceedings, or relevant dates.  There are various allegations pertaining to nonparties, such as "Rescap" (Doc. 1 ¶ 46) and Ocwen Loan Servicing, LLC ("Ocwen") (*id.* ¶¶ 43, 50-51, 54-55), but it is unclear whether these nonparties play relevant roles in the events that are alleged to establish Defendants' liability.  In short, it is unclear what has led to the upcoming foreclosure, whether the foreclosure should not take place (and why), or even when the foreclosure is scheduled to take place.  The complaint states "Shellpoint's scheduled foreclosure sale of the Plaintiff and its family home set for . . ." (ellipses in original).  (*Id.* ¶ 128.)  The complaint also appears to allege that Defendants attempted to collect on a loan without the right to collect those payments because they were "not the holder of the Note." (*Id.* ¶¶ 69-72.)  As for the unnamed "Doe" defendants, they appear to be witnesses in the Connecticut bankruptcy procedure who allegedly perjured themselves to "snare the innocent and let the guilts [sic] go free."  (*Id.* ¶ 122.)

       The complaint cannot be served in its current state.  Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the complaint is a rambling recitation of scattered, disjointed statements, often without providing necessary context, such that it is impossible to discern what happened.  There is no way to determine whether any defendant may be liable for any of the asserted causes of action.  Rule 8 requires "simplicity, directness, and clarity," such that each

1 defendant should easily be able to determine "what he is being sued for." *McHenry*, 84
2 F.3d at 1178. That is lacking here.

3 The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se
4 complaint without leave to amend is proper only if it is absolutely clear that the deficiencies
5 of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d
6 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

7 The amended complaint must adhere to all portions of Rule 7.1 of the Local Rules
8 of Civil Procedure ("LRCiv"). Additionally, the amended complaint must satisfy the
9 pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically,
10 "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see*
11 *also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered
12 paragraphs, each limited as far as practicable to a single set of circumstances."). Where a
13 complaint contains the factual elements of a cause, but those elements are scattered
14 throughout the complaint without any meaningful organization, the complaint does not set
15 forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman*
16 *Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

17 If the amended complaint fails to comply with the Court's instructions as provided
18 in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule
19 41(b) of the Federal Rules of Civil Procedure. *McHenry*, 84 F.3d at 1177 (affirming
20 dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given
21 this specific guidance on pleading requirements, the Court is not inclined to grant leave to
22 file another amended complaint if the first amended complaint is found to be
23 deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal
24 with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in
25 prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*,
26 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend
27 is particularly broad where plaintiff has previously amended the complaint.").

28 Plaintiffs are directed to become familiar with the Local Rules and the Federal Rules

of Civil Procedure and are reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 8.)

As a final matter, Plaintiffs have requested a TRO. A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted). A plaintiff seeking a preliminary injunction must show that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

As noted in the section above, based on the facts pled in the complaint, it does not appear that Plaintiffs will succeed on the merits, nor can it be said that Plaintiffs have raised "serious questions going to the merits"—indeed, the complaint is dismissed. *See, e.g*., *Burleson v. Sec. Properties Residential, LLC*, WL 3046412, *1 (W.D. Wash. 2018) ("Plaintiff provides no evidence that links [Defendants' alleged conduct] to her race or disability and makes no effort to show that she is likely to prevail upon her discrimination claims. Plaintiff's motion for injunctive relief is therefore DENIED.").

As to irreparable harm, generally "the loss of one's home is sufficient to satisfy this element." *de la Rocha v. Wells Fargo Bank, N.A.*, 2011 WL 5237755, *1 (E.D. Cal. 2011) (citing *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150 (9th Cir. 2011) (holding eviction of Section 8 housing tenants constitutes irreparable injury); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n,* 840 F.2d 653, 661 (9th Cir. 1988) (holding threatened foreclosure presented an "immediate, irreparable injury"). However, Plaintiffs have provided no facts whatsoever demonstrating that the irreparable harm is *immediate*—for example, Plaintiffs have not indicated when and how they will be evicted.

The Court has little information from which to determine how the balance of equities tips, but it does appear that Plaintiff delayed for many weeks before seeking an emergency TRO. This is not the proper way to present a claim for emergency relief based on an alleged threat of imminent, irreparable injury. *Cf. Ruvalcaba v. Citibank*, 2012 WL 12878654, *2 (C.D. Cal. 2012) (citation omitted) ("To justify *ex parte* relief, 'it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.' . . . In this case, the Court finds that Plaintiff unreasonably delayed in seeking relief, and that the emergency that allegedly justifies a TRO is self-created."); *Tachiquin v. HSBC Bank USA, Nat'l Ass'n*, 2012 WL 12882887, *2 (S.D. Cal. 2012) ("Although the Court is sensitive to the harm caused by being evicted from one's residence, the Court is at a loss to see how the harm specified can be remedied by the Court, or why Plaintiffs have delayed in filing the current action.").

It is also unclear whether the injunction would be in the public interest, for the simple reason that the facts as pled do not give rise to a coherent narrative, and therefore the interests involved here are opaque.

Accordingly,

**IT IS ORDERED granting** the Applications to Proceed in District Court without Prepaying Fees or Costs (Docs. 2, 3).

**IT IS FURTHER ORDERED** that Plaintiffs' TRO request (Doc. 1) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** with leave to file an amended complaint by **April 16, 2024**. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to file an amended complaint by **April 16, 2024**, the Clerk of Court shall terminate the action.

Dated this 27th day of March, 2024.

Dominic W. Lanza
United States District Judge